960 A.2d 389

MAUREEN WALSH, PLAINTIFF–RESPONDENT, v. MICHAEL J.
DISCIGLIO, M.D., DEFENDANT, AND GEORGE CONSTAN-
TINOPOULOS, M.D., DEFENDANT–PETITIONER.

November 6, 2008.

This matter having come before the Court on a petition for certification from the judgment in which the Appellate Division reversed in part the trial court's denial of plaintiff's motion for a new trial, and remanded the matter for a new trial on compensatory damages,

And good cause appearing;

IT IS ORDERED that the petition for certification is granted in part, and the matter is summarily remanded to the Appellate Division for its consideration of the arguments of the appellant in accordance with the principles enunciated in *Baxter v. Fairmont Food Co.*, 74 *N.J.* 588, 597–98, 379 *A.2d* 225 (1977) ("The judgment of the initial factfinder ... is entitled to very considerable respect. It should not be overthrown except upon the basis of a carefully reasoned and factually supported (and articulated) determination, after canvassing the record and weighing the evidence, that the continued viability of the judgment would constitute a manifest denial of justice."); *see Mahoney v. Podolnick*, 168 *N.J.* 202, 229–

30, 773 *A*.2d 1102 (2001) ("Our cases emphasize that a jury verdict should not be disturbed 'unless it constitutes a manifest injustice that shocks the judicial conscience.' . . . Moreover, a court should set aside a jury verdict only if it determines that the award is inadequate or excessive by viewing the evidence in the light most favorable to the non-moving party."); *Carey v. Lovett*, 132 *N.J.* 44, 66, 622 *A*.2d 1279 (1993) ("The appellate role [in reviewing a verdict for claimed inadequacy] is even more restricted. When reviewing the amount of a damage award, an appellate court should show appropriate deference to the trial court's 'feel of the case.' "). We do not, by our order, intend to imply that we agree or disagree with the evaluation of the appellate panel, but rather we conclude that the appellate panel's use of a simple mathematical formula in place of the methodology we have established was inappropriate; and it is further

ORDERED that in all other respects, the petition for certification is denied.